J. Toji Calabro, CA Bar No. 239950
George A. Hanson
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64122
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: Calabro@stuevesiegel.com
Email: hanson@stuevesiegel.com

*Attorneys for Plaintiffs*

Jody A. Landry
jlandry@littler.com
LITTLER MENDELSON, P.C.
501 West Broadway
Suite 900
San Diego, CA 92101
Telephone: 619-232-0441
Facsimile: 619-232-4302

*Attorney for Defendant DIRECTV, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODRIGO MORENO BALA and JORDAN SIZELOVE,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC,<br><br>Defendant. | Civil No. 3:19-mc-8007<br><br>**JOINT APPLICATION FOR CONFIRMATION AND ENFORCEMENT OF ARBITRATION AWARDS AND FOR ENTRY OF FINAL ORDER AND JUDGMENT** |

Plaintiffs Rodrigo Moreno Bala and Jordan Sizelove and Defendant DIRECTV, LLC, hereby jointly petition the Court, pursuant to Sections 9 and 13 of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA"), for an Order confirming and enforcing the arbitration Orders and Awards ("Arbitration Awards") issued by the Arbitrator The Honorable Gary Taylor on September 6, 2018, in JAMS Case Nos. 1240022196 and 1220053493 (the "Arbitral Proceedings"), which granted approval to the parties' settlements of Plaintiffs' claims under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq*. Copies of the Arbitration Awards are filed herewith as <u>Exhibits 1 and 2</u>.

**I.     PARTIES**

1.      Plaintiff Rodrigo Moreno Bala is an individual residing in Richmond, California, who was employed by Defendant as a satellite installation and repair technician in the State of California.

2.      Plaintiff Jordan Sizelove is an individual residing in Antioch, California, who was employed by Defendant as a satellite installation and repair technician in the State of California.

3.      Defendant DIRECTV, LLC is a limited liability company engaged in interstate commerce whose principal place of business is in California, and who conducts business within the geographic boundaries of the Northern District of California.

**II.    JURISDICTION & VENUE**

4.      The claims asserted by Plaintiffs arose within the Northern District of California.

5.      As Plaintiffs' claims in the Arbitral Proceedings arise under the FLSA, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Moreover, the parties' arbitration agreements, attached hereto as <u>Exhibits 3 and 4</u>, do not specify in which court they shall apply for an order enforcing/confirming an arbitration award. The Arbitral Proceedings were handled out of, and the Arbitration Awards entered in, Los Angeles, California by the arbitrator The Honorable Gary Taylor. Accordingly, pursuant to 9 U.S.C. § 9, this Court is a proper venue for such an application.

**III.   FACTUAL ALLEGATIONS**

7.      The Arbitral Proceedings, the actions underlying this application, were brought by former employees of Defendant for allegedly unpaid wages and overtime, pursuant to the FLSA. These actions were initiated before JAMS pursuant to the arbitration agreements between Defendant and Plaintiffs.

8.      The Arbitral Proceedings were pending and set to be heard in California when the parties reached a settlement. That settlement was the result of an intensive, weeks-long, arms-length

negotiation involving the Arbitral Proceedings and a number of other matters filed by Plaintiffs' counsel against Defendant raising similar claims. Mediator Michael Dickstein, of Dispute Resolution (*see* http://dicksteindisputeresolution.com/), a well-respected mediator with deep experience mediating a wide range of wage and hour litigation matters, conducted an in-person mediation with representatives for all the parties on November 30, 2017, in Dallas, Texas. Although substantial progress was made on November 30, the parties were unable to reach final agreement at the mediation. Over the course of subsequent weeks, and with the assistance of Mr. Dickstein, the parties continued negotiations and ultimately reached an agreement on a framework for settling the Arbitral Proceedings and the other related cases on January 3, 2018.

9. While the settlement of the Arbitral Proceedings was reached as part of a global settlement of related cases, Plaintiffs specifically agreed to their own individual settlement agreements with Defendant to resolve the claims that they asserted in the Arbitral Proceedings.

10. On August 29, 2018, Plaintiff Moreno Bala, and then on September 5, 2018, Plaintiff Sizelove, filed unopposed motions for approval of the parties' settlements. Copies of these motions are filed herewith as Exhibits 5 and 6.

11. On September 6, 2018, the JAMS arbitrator presiding over the Arbitral Proceedings, The Honorable Gary Taylor, entered the Arbitration Awards, final awards approving the settlements as fair and reasonable resolutions of contested litigation involving *bona fide* disputes.

12. Entry of judgment confirming the Arbitration Awards is a required term of those settlement agreements between the parties. (*See* Exhibit 5 at Ex. A, pp. 8-10 & Exhibit 6 at Ex. A, pp. 8-10.) Thus, the parties now jointly apply to the Court for entry of those Arbitration Awards as a Final Order and Judgment of the Court, pursuant to 9 U.S.C. §§ 9 and 13, which permit the parties to obtain an order confirming the Arbitration Awards and have judgment entered on that order. Specifically, Section 9 of the FAA provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the awards made pursuant to the arbitration, . . . then at any time within one year after the award is

made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Section 13 further provides that an order confirming, modifying, or correcting an award may be "filed with the clerk for the entry of judgment thereon," and "judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action." *Id.* at § 13.

13. A court also may enter a stipulated judgment resolving FLSA claims if it "reflect[s] a reasonable compromise over issues . . . that are actually in dispute . . . to promote the policy of encouraging settlement of litigation." *See Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Of course, the fairness of these settlements already was considered by the Arbitrator, who found that good cause existed for approval of the settlements.

14. The Court has a jurisdictional basis to enter a final judgment pursuant to 9 U.S.C. § 9, which provides that upon timely application for an order confirming an arbitration award "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. Based on the foregoing, the Court need not make a detailed inquiry into the terms of the settlements, which were arrived at in adversarial arbitrations where all parties were represented by counsel. *See Stewart v. Legal Helpers Debt Resolution, LLC*, 2014 U.S. Dist. LEXIS 133575, *10 (W.D.N.C. Sept. 23, 2014) (explaining that once certain documents have been filed, including the arbitration agreement, the award at issue, and papers confirming the parties' positions, "there is little left for this Court to do."); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). Nonetheless, the parties have provided the Court with copies of the settlement agreements and

approval briefing submitted to the Arbitrator (<u>Exhibits 5 and 6</u>) to allow the Court to confirm the arbitration awards were not the product of corruption, fraud, undue means, or any other infirmity.

15. In light of the record before the Court and 9 U.S.C. §§ 9 and 13, the parties apply to the Court to enter the Arbitrator's final Arbitration Awards, attached as <u>Exhibits 1 and 2</u>, as the Final Order and Judgment in this case.

Respectfully submitted this 9th day of January, 2019,

**STUEVE SIEGEL HANSON LLP**

By: /s/ George A. Hanson
J. Toji Calabro, CA Bar No. 239950
George A. Hanson
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Email: Calabro@stuevesiegel.com
Email: hanson@stuevesiegel.com

**LEAR WERTS LLP**

By: /s/ Todd C. Werts
Todd C. Werts
2003 W. Broadway, Ste. 107
Columbia, Missouri 65203
Telephone: 573-875-1991
Email: lear@learwerts.com

**ATTORNEYS FOR PLAINTIFF**

**LITTLER MENDELSON, P.C.**

By: /s/ Jody A. Landry
Jody A. Landry
501 West Broadway
Suite 900
San Diego, CA 92101
Telephone: 619-232-0441
Facsimile: 619-232-4302
Email: jlandry@littler.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all attorneys of record.

/s/ George A. Hanson
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RODRIGO MORENO BALA and JORDAN SIZELOVE,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTV, LLC,**<br><br>Defendant. | **Civil No. 3:19-mc-8007** |

**[PROPOSED] ENTRY OF FINAL ORDER AND JUDGMENT**

The Court has received and considered the Parties' Joint Application for Confirmation and Enforcement of Arbitration Awards and Entry of Final Order and Judgment and all papers filed with that motion. Pursuant to 9 U.S.C. §§ 9 and 13, the parties have requested that the Court enter as a Final Order and Judgment an Arbitrator's awards granting final approval of two related Fair Labor Standards Act settlement. Having considered the Joint Application and all documents filed therewith, the Court hereby GRANTS the Parties' Joint Application and enters as a final order and judgment the attached arbitration awards, which represent fair and reasonable resolutions of contested litigation involving a *bona fide* disputes.

Dated this __ day of _____, 2018.

_____

United States District Judge